UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. RICE, and <br> MARGARET M. RICE <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE <br> DIVISION OF WELLS FARGO BANK, <br> N.A., <br><br> Defendant. | Civil Action No. 11-10914 |

## NOTICE OF REMOVAL

Defendant Wells Fargo Home Mortgage division of Wells Fargo Bank, N.A. ("Wells Fargo"), by its undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the Removal to this Court of the action commenced against it identified below currently pending in the Middlesex County, Massachusetts Superior Court. In support of this removal, Wells Fargo states as follows:

## THE ACTION

1. Wells Fargo is named as a defendant in a suit filed in the Middlesex County Superior Court, styled *William J. Rice and Margaret M. Rice v. Wells Fargo Home Mortgage Division of Wells Fargo Bank, N.A.,* Case No. MICV2011-01651 (the "Action").

## SERVICE

2. Plaintiff filed this Complaint on May 13, 2011. Plaintiff served this Complaint on Wells Fargo on May 17, 2011. Removal is timely having been filed within 30 days.

## PLEADINGS AND NOTICE TO STATE COURT

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders and proceedings from the Middlesex County Superior Court will be filed with this Court. Contemporaneous with the filing of this Notice, Wells Fargo has given written notice to the Plaintiff's attorney and has notified the Middlesex County Superior Court of this Removal.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

4. This Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §§ 1331 and 1367. Alternatively, and as an independent and separate basis for Removal, this Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332.

**I.   This Court Has Jurisdiction Pursuant To 28 U.S.C. §§ 1331 and 1367.**

5. This Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331. Section 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff alleges in his Complaint that Wells Fargo violated the provisions of the federal Home Affordable Modification Program ("HAMP") by failing to abide by the U.S. Treasury's HAMP guidelines. HAMP is a federal mortgage modification program established and regulated by the U.S. Treasury having been expressly authorized by Congress under the Emergency Economic Stabilization Act of 2008. See 12 U.S.C. §§ 5219, 5220. In conjunction with HAMP, home mortgage servicers entered into agreements with the federal government (via its authorized departments and/or agencies) whereby servicers agreed to attempt to modify residential mortgage loans in exchange for compensation for successful

modifications. Plaintiff purports to assert a federal HAMP claim. While Wells Fargo denies that HAMP creates a private right of action, Plaintiff's claims still arise under federal law. Therefore, federal jurisdiction exists.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

## II. This Court Also Has Jurisdiction Pursuant To 28 U.S.C. § 1332.

7. As an alternative and independent basis for jurisdiction, this Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332. Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332. This Action satisfies both of these statutory requirements.

### A. The parties are citizens of different states.

8. Plaintiffs allege in their Complaint that they are residents of Framingham, Massachusetts. See Compl. ¶1. Plaintiff alleges that Wells Fargo is a national banking institution with offices in California and Minnesota. Compl. ¶2. For diversity purposes a national bank's citizenship is based on the location of its principal office. See 28 U.S.C. § 1348 ("national banking associations" are "deemed citizens of the States in which they are respectively located."); Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318-19 (2006) (holding national bank is located for the purposes of diversity jurisdiction in the state of its principal offices listed in the articles or organization). Wells Fargo has a principal office under Wells Fargo's articles of organization is in Sioux Falls, South Dakota. Regardless of whether Wells Fargo's citizenship is in California or Minnesota, as alleged, or elsewhere,

complete diversity exists because Plaintiff is a citizen of Massachusetts and Wells Fargo is a citizen of another state.

  **B. The amount in controversy exceeds $75,000.**

  9. In calculating the amount in controversy, the Court should consider the total amount of monetary relief that plaintiff seeks to recover or the financial impact the relief sought would have on the defendants. See Dept. of Recreation & Sports v. World Boxing, 942 F.2d 84, 90 (1st Cir. 1991); Comm. of Mass. v. United States Veterans Admin., 541 F.2d 119, 122, n.3 (1st Cir. 1976) (considering amount in controversy based on potential financial effect on defendant). When a complaint seeks declaratory and injunctive relief, the amount in controversy may be measured by the value of the object of the litigation. See Lewis v. Ford Motor Co., 610 F. Supp. 2d. 476, 485 (W.D. Pa. 2009); Ras-berry v. Capitol County Mutual Fire Ins. Co., 609 F. Supp. 2d 594, 601 (E.D. Tex. 2009). In cases where a plaintiff seeks actual and punitive damages, both amounts are part of the total the amount in controversy. See Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238 (1943) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount").

  10. In this case, Plaintiffs seek to temporarily and permanently enjoin Wells Fargo from foreclosing on their first mortgage in the principal amount of $228,000. Compl. ¶3. The amount at stake therefore is the security interest $228,000. That is the value of the object of the litigation. Therefore, the amount in controversy far exceeds $75,000.00 and jurisdiction in this Court is proper.

11. In the event any question arises as to the propriety of the removal of this matter, Wells Fargo requests the opportunity to submit briefs and be heard at oral argument in support of its position that removal is proper.

WHEREFORE, Wells Fargo respectfully requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the Middlesex County Superior Court.

Respectfully submitted,
Wells Fargo Home Mortgage division of Wells
Fargo Bank, N.A.,
by their attorneys,

*/s/ Morgan Nickerson*
Jeffrey S. Patterson (BBO# 671383)
jeffrey.patterson@nelsonmullins.com
Morgan T. Nickerson (BBO# 667290)
Morgan.nickerson@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
p. (617) 573-4700
f. (617) 573-4710

Dated: May 23, 2011

## CERTIFICATE OF SERVICE

I, Morgan T. Nickerson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: May 23, 2011    */s/ Morgan T. Nickerson*
                           Morgan T. Nickerson